IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN M. ABEYTA,

      Plaintiff,

v.                                                        No. 1:21-cv-832 DHU/KRS

UNITED STATES of AMERICA,

      Defendant.

## ORDER GRANTING MOTION TO EXTEND DEADLINES AND RESET SETTLEMENT CONFERENCE

THIS MATTER comes is before the Court on Plaintiff's Opposed Motion to Extend Deadlines by 60 Days and Reset Settlement Conference, (Doc. 19), filed September 14, 2022. Defendant filed a response on September 29, 2022. (Doc. 20). Having considered the briefing, record of the case, and relevant law, the Court finds that Plaintiff's Motion is well-taken and shall be GRANTED.

Plaintiff asks for a sixty (60) day extension of the parties' pretrial deadlines and for the Court to reset the November 16, 2022 settlement conference. (Doc. 19). Plaintiff's counsel explains that the case has been delayed due to conflicts with surgical experts she had initially consulted and because medical records for Plaintiff's subsequent surgeries have not yet been obtained. Plaintiff's counsel also states there have been issues with communicating with a member of Plaintiff's family due to Plaintiff's poor health. Finally, Plaintiff's counsel explains that she is set for trial in several cases in September, November, and December, and is scheduled to travel in October to prepare for the November trial. *Id.* at 2.

Defendant opposes the Motion because it contends that Plaintiff has failed to produce sufficient initial disclosures. (Doc. 20) at 3-5. Defendant argues that Plaintiff's initial

disclosures are deficient and inadequate, and that Plaintiff has not been sufficiently diligent in moving this case forward. *Id.* at 6-10. Defendant also argues that Plaintiff's explanations for the requested extension do not rise to the level of good cause. *Id.* at 12-13.

     A party requesting an extension of a scheduling order deadline must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955, at *3 (D.N.M.). In general, courts will not find diligence where a party has conducted no discovery during the available discovery period. *See Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1314 (D.N.M. 2010); *Garey-Jones v. LES Louisiana Energy Servs.*, LLC, 2015 WL 13667301, at *3 (D.N.M.); *Kuo Chuan Wang v. Sommers*, 2015 WL 13666992, at *3-4 (D.N.M.). Moreover, rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

     The Court finds that Plaintiff has shown sufficient good cause to modify the scheduling order by sixty days and reset the settlement conference. Plaintiff has explained the reasons for the delays in obtaining records, and this is the first extension of time requested in this case. While Defendant is concerned with deficiencies in Plaintiff's initial disclosures, Defendant has not filed a motion to compel, so that issue is not properly before the Court. Nevertheless, the

Court instructs Plaintiff to provide all required initial disclosures as the deadline for doing so has long passed.  Therefore, the Court will grant Plaintiff's Motion, extend the parties' deadlines by sixty days and vacate the November 16, 2022 settlement conference.  The Court will discuss resetting the settlement conference at the telephonic status conference scheduled for October 18, 2022 (*see* Doc. 16).  Considering the presiding judge has set a trial in this case for July 10, 2023, no further extensions will be granted absent a showing of exceptional cause.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion to Extend Deadlines by 60 Days and Reset Settlement Conference, (Doc. 19), is GRANTED.  The November 16, 2022 settlement conference is hereby VACATED, and the parties' deadlines are extended as follows:

1. Deadline for Plaintiff's expert reports:   November 16, 2022
2. Deadline for Defendant's expert reports:   December 28, 2022
3. Termination of discovery:   February 9, 2023
4. Motions relating to discovery:   February 27, 2023
5. All other motions:   March 9, 2023

The October 18, 2022 telephonic status conference will proceed at 9:00 a.m..  *See* (Doc. 16).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE